# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Eric L. Joseph,                                        Case No. 3:16CV02259

           Plaintiff,

           v.                                            **ORDER**

Nancy C. Berryhill,[1]
Commissioner of Social Security,

           Defendant.

       This is a Social Security case in which the plaintiff, Eric Joseph, appeals the Commissioner's decision denying his application for disability insurance benefits (DIB).

       An administrative law judge (ALJ) found Joseph was not under a disability and, as a result, denied plaintiff's claim for benefits. In the present case, plaintiff challenges the ALJ's decision.

       Pending is the Magistrate Judge's Report and Recommendation (R&R), which recommends affirming the ALJ's decision denying benefits and dismissing plaintiff's case with prejudice. (Doc. 20).

       Plaintiff objects to the R&R and asks that I overrule the R&R and reverse the ALJ's decision. (Doc. 21).

       For the following reasons, I adopt in full the R&R, and I affirm the ALJ's decision.

---

[1] On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

## Background[2]

Plaintiff served in the United States Army from 2001 to 2005. During his active military service, plaintiff suffered an injury in an Iraq combat zone when a vehicle in which he was a passenger crashed into a bus, causing plaintiff's body to bounce severely.

After plaintiff's active-duty military service, the United States Department of Veterans Affairs (VA) found him eligible to receive veterans' benefits due to his service-related injuries. Specifically, plaintiff testified that he received a 90% service disability.

Plaintiff received the majority of his medical treatment through the VA for the following diagnoses: depressive disorder, ankle instability, morbid obesity, tobacco dependence, hyperlipidemia, post-traumatic stress disorder (PTSD), gastroesophagael reflux disorder, neck pain, migraines, alcohol abuse, and cannabis abuse. During that time, plaintiff's medical treatment included: medications; counseling; psychiatric care; anger management therapy; alcohol and drug therapy; couples therapy; residential PTSD rehabilitation program; physical therapy; and hospitalization.

Plaintiff's post-military work included employment with a private defense contractor as an aviation mechanic/aircraft electrician. Plaintiff testified he was let go from that job in August, 2009, because of his PTSD symptoms.

On May 8, 2015, plaintiff applied for DIB with the Social Security Administration

---

[2] In the R&R, the Magistrate Judge provides a complete and detailed description of plaintiff's entire medical history. As such, I need not recount plaintiff's medical history in its entirety, and I incorporate the R&R's discussion of those matters into this Order. In this Order, I focus on the agency hearing and the administrative law judge's (ALJ) decision.

(Administration).[3] Plaintiff asserted he had been under a "disability," as defined by the Social Security Act (SSA), beginning June 25, 2013. Specifically, plaintiff claimed a traumatic brain injury caused memory loss, bad knees and ankles, degenerative disc disease in his back, neck pain, tinnitus, nerve damage and numbness in his hands and legs, anxiety, depression, panic attacks, mood disorder, and breathing difficulties.

The Administration denied plaintiff's application initially and upon reconsideration. Plaintiff then requested and received an administrative hearing on February 11, 2016. An ALJ conducted the hearing and questioned plaintiff and a vocational expert.

Plaintiff testified he injured his cervical spine in an accident while in the service.[4] According to plaintiff, his spinal injury caused several physical impairments, including migraine headaches, numbness in his hands, light sensitivity, vertigo, ankle and knee instability, tinnitus in both ears, and difficulty with walking, standing, lifting, and gripping. Plaintiff also testified about the effect of his PTSD, describing anxiety attacks, sweating, heart palpitations, nightmares, and unpredictable changes in his emotions and behavior.

With respect to plaintiff's testimony about his physical and mental impairments, the ALJ made a credibility determination, stating:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical

---

[3] I note that plaintiff previously applied for disability insurance benefits (DIB) and supplemental security income (SSI) on October 4, 2012. The ALJ in that matter concluded plaintiff was not disabled and, therefore, not eligible to receive DBI and SSI.

[4] Again, I note that the R&R more completely describes plaintiff's testimony regarding his impairments. I incorporate the R&R's discussion of those matters into this Order.

evidence and other evidence in the record for the reasons explained in this decision. The claimant's testimony and the medical evidence of record does suggest he retains the ability for performing work-related activities within the limitations set forth in the residual functional capacity assessment of the prior Administrative Law Judge.

(Tr. 21).

In October, 2013, the VA assessed plaintiff's disability rating as follows: 10% for limited motion of the ankle; 10% for inflammation of sciatic nerve; 20% for degenerative arthritis of the spine; 10% for limited flexion of the knee; 10% for lumbosacral or cervical strain; 10% for tinnitus; 30% for migraine headaches; 20% for inflammation of lower radicular nerves; and 30% for PTSD.

After the hearing, the ALJ issued her decision, concluding that plaintiff was not under a disability and, therefore, not entitled to DIB. To reach that conclusion, the ALJ followed the SSA's five-step evaluation with respect to plaintiff and his impairments. *See* 20 C.F.R. § 404.1520(a)(4).

First, the ALJ found that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2015.

The ALJ then found that plaintiff did not engage in substantial gainful activity from June 25, 2013–the alleged onset date–through December 31, 2015–the date last insured.

The ALJ's more significant findings began with her conclusion that through the date last insured, plaintiff suffered from the following severe impairments: history of cervical spondylosis/cervical degenerative disc disease; chronic back pain due to degenerative arthritis with radiculopathy; history of right ankle fracture, currently stable; reported knee and ankle pain; migraine headaches; tinnitus; episodic mood disorder/depression; PTSD; anxiety; history of alcohol dependence with episodic abuse pattern; cannabis abuse currently in remission; obesity; mild thoracic degenerative changes; and severe opioid use disorder, currently in remission.

However, plaintiff's impairments, according to the ALJ, did not automatically constitute a disability.[5]

The ALJ then assessed plaintiff's residual functional capacity (RFC). Doing so, the ALJ found that despite plaintiff's impairments, he could perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b). Specifically, the ALJ found that plaintiff could: lift, carry, push and pull up to 20 pounds occasionally and 10 pounds frequently; sit up to six hours in an eight-hour workday; and walk/stand, in combination, up to six hours in an eight-hour work day–with the following limitations:

> The claimant requires a sit/stand option that allows for alternating between sitting and standing up to every 30 minutes if needed, but the positional change will not render the individual off task. The claimant can never climb ladders, ropes, or scaffolds and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot perform any forceful grasping or gripping with the hands. He requires the ability to avoid concentrated exposure to wetness and hazards (such as wet/slippery surfaces, dangerous moving machinery, and unprotected heights. He can have no concentrated exposure to bright/flashing lights and loud noise. Mentally, the claimant cannot understand, remember, or carry out detailed or complex job instructions but can perform simple, repetitive tasks on a sustained basis (meaning 8 hours a day, five days a week, or an equivalent work schedule) with no sudden or unpredictable workplace changes. The claimant cannot perform tasks requiring intense/focused attention for prolonged periods of time and must have work at a flexible pace (where the employee is allowed some independence in determining either the timing of different work activities or the pace of work). The claimant can have only casual/superficial interactions with others, including supervisors, coworkers, and the general public with no exposure to intense or critical supervision.

(Tr. 19).

These limitations, according to the ALJ, prevented plaintiff from performing any past work but did not prevent him from performing a significant number of jobs available in the national

---

[5] A social security applicant that meets or equals the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, is automatically under a disability. 20 C.F.R. § 404.1520(a)(4)(iii), (d); *see also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

economy. As a result, the ALJ concluded plaintiff was not under a disability.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision final. On September 9, 2016, plaintiff filed suit in this Court, seeking review of the ALJ's decision.

In the R&R, the Magistrate Judge recommends I affirm the ALJ's decision denying benefits.

Plaintiff objects to the R&R based on three arguments–the ALJ erred by: 1) failing to give proper consideration to the VA's 90% disability rating; 2) failing to consider the effect of plaintiff's impairments in combination; and 3) failing to grant plaintiff credibility based on his military service.

For the reasons that follow, I adopt the Magistrate Judge's R&R and affirm the ALJ's decision.

**Standard of Review**

When reviewing a Magistrate Judge's R&R, I make a *de novo* determination regarding the portions to which plaintiff objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings and whether the ALJ applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

I may not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. *See* § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

6

*Brainard, supra,* 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *see Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record suggesting otherwise. *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

## Discussion

### A. The ALJ Properly Considered the Disability Ratings of the Department of Veterans Affairs

Plaintiff first objects to the ALJ's consideration of the VA's disability rating. Plaintiff contends the ALJ used "boilerplate language" when considering the VA's disability rating, thus failing to provide meaningful reasons for the weight given to that rating.

The regulations make clear another governmental agency's decision is not binding on the Commissioner.

> Other governmental agencies and nongovernmental entities –*such as the Department of Veterans Affairs* . . . –make disability . . . and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or nongovernmental entity about whether you are disabled . . . or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled . . . under our rules.

20 C.F.R. § 404.1504 (emphasis added).

However, while such decisions may not be binding on the SSA, "the Commissioner may nonetheless find an agency's determinations relevant, depending on the similarities between the rules and standards each agency applies to assess disability." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 388 (6th Cir. 2013).

Further, according to the Administration's own ruling:

7

> we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

Social Security Ruling 06-03p, 2006 WL 2329939 (2006).[6]

Accordingly, the ALJ must "consider the other agency's decision" and "articulate reasons for the amount of weight he or she assigns to that decision." *Rothgeb v. Astrue*, 626 F. Supp. 2d 797, 809 (S.D. Ohio 2009) (Ovington, M.J.), *report and recommendation adopted*, 626 F. Supp. 2d 797 (S.D. Ohio); *see also LaRiccia, supra,* 549 F. App'x at 388 (6th Cir. 2013) ("Regardless of the weight afforded, an ALJ should explain the consideration given to these decisions in the notice of decision.") (internal citation and quotation marks omitted); *McGrew v. Colvin,* 2014 WL 1382540, *11 (S.D. Ohio) ("[R]egardless of whether a claimant's disability rating from the Department of Veterans Affairs is ultimately determined relevant, the ALJ must consider the rating–and *explain* such consideration–in the decision.").

While it is clear an ALJ must consider the VA's disability rating, the Sixth Circuit has not specified the precise weight a VA disability rating should receive when an ALJ makes a Social Security disability determination. *Richie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir.

---

[6] Social Security Ruling 06-03p was rescinded effective for claims filed on or after March 27, 2017. Because plaintiff filed his complaint prior to this date, Ruling 06-03p applies in this case.

2013) ("We have held that a disability rating from the Veterans Administration is entitled to consideration, but we have not specified the weight such a determination should carry when determining social security eligibility.") (citing *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984)). Instead, "the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case[,]" and "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721, 727 (E.D. Mich. 2011) (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).

In this case, the ALJ addressed the VA disability rating:

[T]he claimant testified that the United States Department of Veterans Affairs (VA) recently gave him a 0% rating for traumatic brain injury.

Lastly, I acknowledge that the claimant has service connected disability ratings from the VA. In October 2013, this included a 10% service connected disability rating for limited motion of the ankle, 10% service connected disability rating for inflammation of sciatic nerve, 20% service connected disability rating for degenerative arthritis of the spine, 10% service connected disability rating for limited flexion of knee, 10% service connected disability rating for lumbosacral or cervical strain, 10% service connected disability rating for tinnitus, 30% service connected disability rating for migraine headaches, 20% service connected disability rating for inflammation of lower radicular nerves, and 30% service connected disability rating for PTSD (Ex. B11F, p. 28). The VA's disability ratings and findings are adjudicative findings based on its rules and are not medical opinions in accordance with the Social Security regulations (20 CFR 404.1527 and 416.927). The VA disability ratings and findings reflect the VA's application of its own rules, and it is generally of limited evidentiary value without consideration of the supporting evidence on which the rating was based. The VA expresses disability as a percentage of diminished earning capacity. These percentage values vary with the severity of the veteran's medical condition applied to a hypothetical average person's ability to earn income. In contrast, the Social Security Administration does not assess degrees of disability. Rather, the Social Security Administration determines whether a claimant is disabled or blind (20 CFR 404.1501 and 416.901). To meet the Social Security's definition of disability, a claimant must have a severe impairment(s) that makes him or her unable to perform past work or any other substantial gainful work that exists in the national

9

> economy. The claimant's condition does not meet the Social Security's definition of disability. *That said, some weight is afforded to these ratings as they do show that the claimant has limitations in his ability to perform work-related tasks as set forth in the assigned residual functional capacity*.

(Tr. 20, 24-25) (emphasis added).

First, it is clear the ALJ considered the VA's disability rating: "I acknowledge that the claimant has service connected disability ratings from the VA." (*Id.*). The ALJ specifically acknowledged plaintiff's testimony regarding the VA's 0% rating for traumatic brain injury and the VA's service-connected disability rating, noting each percentage of service-related disability.

And second, it is clear the ALJ articulated the weight given to the VA's disability rating–"some weight is afforded to these ratings"–and her reasons for the amount of weight assigned. (*Id.*). The ALJ noted that pursuant to the SSA regulations, VA disability ratings are not medical opinions and provide limited evidentiary value without the supporting evidence upon which they were based. The ALJ also contrasted the VA's approach to determine disability percentages with the SSA's approach to determine whether a claimant is disabled. After this analysis, the ALJ clearly stated the amount of weight she attributed to the VA's disability rating–some weight. Essentially, the ALJ credited the VA's determination to some extent by agreeing that plaintiff's impairments caused him limitations in his ability to perform work-related tasks. That the ALJ ultimately concluded plaintiff's impairments did not result in a disability finding under the SSA's approach does not mean the ALJ did not consider the VA's disability ratings or properly explain the weight she afforded those ratings.

I disagree with plaintiff's contention that the relevant language in the ALJ's decision is merely "boilerplate language."

In those cases where district courts held remand was proper because of error relating to consideration a VA disability determination, the ALJ either did not consider the VA decision at all or did not designate the amount of weight afforded to the decision. *See, e.g., Lowery v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 700, 717 (S.D. Ohio 2012) (remanding the case where the ALJ's consideration of plaintiff's VA disability benefits consisted of one statement–"He is currently receiving Veteran's Administration disability benefits"–and "the ALJ did not discuss further the V.A. finding" or "indicate whether he was giving any weight to the V.A.'s disability finding"); *see also id.* at 707 ("[M]erely referencing the disability finding fo the Department of Veterans Affairs does not equate to an analysis of same or a consideration of the evidence presented to the administrative agency."); *King, supra,* 779 F. Supp. at 726 (remanding the case where "[t]he ALJ wrote in her decision that she 'does consider' the VA's determination, but she did not explain whether she accorded any weight to it, and if not why not"); *id.* ("As mentioned above, there may be good reasons for disregarding the [VA's] determination, but the Court on review is left to speculate on the ALJ's rationale in the absence of any meaningful discussion of the evidence.").

Neither of those instances warranting remand occurred here. The ALJ did not wholly disregard and went beyond merely referencing the VA's disability rating–she clearly stated a proper understanding of the law with respect to the non-binding nature of the VA's finding, she considered the VA's finding, and she articulated the amount of weight afforded to the VA's finding. Although the ALJ did not fully accept the VA's disability rating, which she clearly did not have to do, her decision to give it some weight, as well as her explanation for the weight given, is sufficient to satisfy her obligation to consider a non-binding disability determination. *See, e.g., See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (concluding the ALJ stated "a proper

understanding of the law" when she stated "I am not bound by [the VA's] decision; but I did consider [it]").

Therefore, I reject plaintiff's objection to the ALJ's consideration of the VA's disability rating.

### B. The ALJ Properly Evaluated Plaintiff's Impairments in Combination, and I Decline to Conduct a *De Novo* Review of the ALJ's RFC Determination

As the Magistrate Judge noted, it is difficult to pinpoint plaintiff's second objection. Based on my review of the entire record, it seems plaintiff's second objection is two-fold: first, plaintiff argues the ALJ failed to consider his impairments in combination at Step Three of the SSA analysis; and second, plaintiff argues the ALJ erred in her RFC determination. I address each argument in turn.

#### 1. ALJ's Step Three Analysis

First, to the extent plaintiff argues the ALJ erred in her Step Three analysis by failing to consider his impairments in combination, this argument is not well-taken. The ALJ clearly did and expressly stated as much in her decision.

Although it is the claimant's burden to establish, at Step Three of the five-step SSA analysis, that he or she meets or medically equals a listed impairment, "[t]he ALJ must nevertheless provide articulation of step three findings that will permit meaningful review of those findings." *Peshek ex rel. N.R. v. Comm'r of Soc. Sec.*, 2014 WL 5684386, *13 (N.D. Ohio) (internal citation and quotation marks omitted).

The Sixth Circuit "does not require a heightened articulation standard [from the ALJ] at Step Three of the sequential evaluation process." *Grohoske v. Comm'r of Soc. Sec.*, 2012 WL 2931400, *3 (N.D. Ohio) (internal citation and quotation marks omitted). However, the Sixth Circuit has made

clear the Step Three "reasons requirement is both a procedural and substantive requirement, necessary in order to facilitate effective and meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

In *Reynolds*, the Sixth Circuit identified the requirements for an ALJ at Step Three: "In short, the ALJ needed to actually evaluate the evidence, compare it to . . . the [applicable] Listing, and give an explained conclusion, in order to facilitate judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id.* at 416; *see also Peshek, supra,* 2014 WL 5684386 at *13 ("Courts within this district have applied *Reynolds* and vacated and remanded cases where the ALJ provided only a conclusory statement and failed to conduct a meaningful step three analysis that compares the medical evidence to the applicable listing and provides an 'explained conclusion' as to why a claimant's impairments failed to meet or equal a listing.").

Here, the ALJ adhered to the Sixth Circuit's requirements when completing her Step Three Analysis.

Specifically, the ALJ concluded:

Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

The claimant had "severe" physical impairments within the meaning of the applicable regulations, but the impairments did not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). In reaching this conclusion, I considered all of the listings found in 20 CFR Part 404, Subpart P, Appendix 1, paying particular attention to listings 1.02 (Major dysfunction of a joint), 1.04 (Disorders of the spine), and 11.03 (Epilepsy - nonconvulsive epilepsy). The claimant does not allege that he had a physical impairment of listing level severity, nor has he met his burden of presenting medical evidence that supports

13

such a finding. I have reviewed the medical evidence of record in its entirety and find that, when considered individually or in combination, the claimant's physical impairments did not meet or equal the level of severity set forth in any of the listed impairments.

The severity of the claimant's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04 (Affective disorders), 12.07 (Somatoform disorders), 12.08 (Personality disorders), and 12.09 (Substance addiction disorders). In making this finding, I have considered whether the "paragraph B" criteria were satisfied.

(Doc. 9, 17).

The ALJ evaluated the medical evidence with respect to plaintiff's physical and mental impairments, compared that evidence to all of the listings found in 20 C.F.R. Part 404, Subpart P, Appendix 1, and gave an explained conclusion as to why plaintiff's impairments failed to meet or equal those listings. This is far more than a mere conclusory statement that plaintiff's severe impairments did not meet or medically equal the severity of any of the listings.

Additionally, there is no merit in plaintiff's argument that the ALJ failed to consider his impairments in combination. The plain language of the ALJ's decision clearly shows she considered all of plaintiff's impairments–both physical and mental–individually and in combination to determine if plaintiff was disabled. The ALJ explicitly stated as much numerous times:

Through the date last insured, the claimant did not have *an impairment or combination of impairments* that met or medically equaled the severity of one of the listed impairments . . . .

[W]hen considered *individually or in combination*, the claimant's physical impairments did not meet or equal the level of severity set forth in any of the listed impairments.

The severity of the claimant's mental impairments, *considered singly and in combination*, did not meet or medically equal the criteria of listings . . . .

(*Id.*).

Simply put, the ALJ fully analyzed plaintiff's impairments and expressly stated her analysis to support her conclusion that plaintiff's impairments–individually or in combination–did not meet or equal any of the Listings. That is sufficient for purposes of the SSA's Step Three analysis.[7]

Therefore, I conclude the ALJ applied the proper legal standards, and substantial evidence supports her Step Three analysis.

### 2. ALJ's RFC Determination

Plaintiff also attempts to argue the ALJ erred in her RFC determination.

A party is entitled to a *de novo* review of a magistrate judge's report or recommendation only to the extent he or she offers specific objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). As such, "the district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" *Id.* (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). It is the parties "'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.* (quoting *Nettles, supra,* 677 F.2d at 410 (footnote omitted)). "A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a

---

[7] *See, e.g., Despins v. Comm'r of Soc. Sec.,* 257 F. App'x. 923, 931 (6th Cir. 2007) (holding the ALJ's "comprehensive examination of [the claimant's] medical impairments and explicit[] conclu[sion] that [the claimant] did not have any impairment or impairments that significantly limited his ability to perform basic work related activities" sufficient to show the ALJ considered the claimant's impairments in combination) (internal quotation marks omitted); *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 591 (6th Cir. 1987) (affirming district court's decision to accept the ALJ's reference to the claimant's "impairments (plural) . . . as an indication that the ALJ did consider the combination of plaintiff's non-severe impairments, and considered them in conjunction with his severe impairment) (internal quotation marks omitted); *see also id.* at 592 ( "The ALJ's decision not to reopen [the claimant's] earlier application for disability benefits was made after a thorough review of the medical evidence of record, and the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered, particularly in view of the fact that the ALJ specifically referred to a combination of impairments in deciding that [the claimant] did not meet the listings.") (internal quotation marks omitted).

duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, 2014 WL 6750310, *7 (E.D. Mich.).

Further, it is well-settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *U.S. v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (internal citation and quotation marks omitted); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("We consider issues not fully developed and argued to be waived.").

Here, I decline to conduct a *de novo* review of plaintiff's second objection because his argument fails to address the findings of the Magistrate Judge and merely repeats arguments previously presented. In fact, in plaintiff's objection presented to this Court, the purpose of which is to object to the Magistrate Judge's R&R, plaintiff repeats–verbatim–the argument included in the brief presented to the Magistrate Judge. A simple review of the two documents reveals the objection is an exact replica of plaintiff's previous brief. Thus, in my view, a *de novo* review is not warranted and would constitute a "duplication of effort on the part of [this Court]." *Carter, supra,* 2014 WL 6750310 at *7.

Notwithstanding the fact that plaintiff submitted the same argument to this Court as he did to the Magistrate Judge, I conclude this objection is fatally underdeveloped and, therefore, waived. The majority of plaintiff's argument regarding the ALJ's RFC determination consists of citations to case law regarding general social security concepts, some of which are not relevant to the facts in this case.[8] Simply put, these concepts, while true, do not develop a specific objection to the

---

[8] For example, in one part of the objection, plaintiff states:

An ALJ's findings must permit later review by the court. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007). Accordingly the record must be fully developed. Although the claimant bears the burden of establishing that he or she is entitled to disability

16

Magistrate Judge's R&R. Plaintiff's argument lacks substance as it relates to the facts of this case and the ALJ's RFC conclusion. What plaintiff needed to do is identify those restrictions that the ALJ should have imposed in her RFC finding and cite to medical evidence in the transcript that would support those additional restrictions. Plaintiff's failure to do so is fatal to this objection.

Therefore, I conclude plaintiff waived this objection.

## C. The ALJ Properly Assessed Plaintiff's Credibility

Finally, plaintiff objects to the ALJ's credibility assessment, arguing the ALJ failed "to grant [plaintiff] credibility for his work record in the service, with all of the sacrifice and duty it entailed for him." (Doc. 21, ii).

The SSA regulations establish a two-step process for evaluating pain. *See* 20 C.F.R. § 404.1529, SSR 96-4p. When evaluating a claimant's assertions of disabling pain, the Sixth Circuit uses a two-step approach:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

---

benefits, the United States Supreme Court has emphasized that 'Social Security proceedings are inquisitorial rather than adversarial.'" *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (plurality). Accordingly, "[i]t is the ALJ'd duty to investigate the facts and develop the arguments both for and against granting benefits . . ." *Id.* at 111. The United States Court of Appeals for the Sixth Circuit has long recognized the ALJ's duty to fully develop the record through "a full and fair hearing." *Lashley v. Sec. of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). In addition where the claimant is proceeding without counsel, the ALJ has a "special, heightened duty" to develop the administrative record and ensure a fair hearing. *See Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008 (citing *Lashley*, 708 F.2d at 1051-52). Finally, the ALJ's duty applies in every case, regardless of whether or not the claimant is represented by legal counsel. *Gibson v. Comm'r of Soc. Sec.*, No. 1:13-cv-69, 2014 WL 619135, at *5 (S.D. Ohio Feb. 18, 2014).

(Doc. 21, 12-13).

*Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986); *see also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994).

When a disability determination that would be fully favorable to the claimant cannot be made solely on the basis of the available objective medical evidence, an ALJ must analyze the claimant's credibility. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a ceratin degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."). An ALJ is not bound to accept as credible a claimant's testimony regarding his or her symptoms. *Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 529 (6th Cir. 1992). When assessing the claimant's credibility, the ALJ considers the plaintiff's statements about pain or other symptoms, the objective medical evidence, and the factors listed in 20 C.F.R. § 404.1529.[9]

Ultimately, it is the ALJ's responsibility, not mine, to evaluate a claimant's credibility. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (holding an ALJ's credibility determination should be accorded "great weight"); *see also Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005) ("Claimants challenging the ALJ's credibility determination face an uphill battle."). I am to accord great weight and deference to an ALJ's findings based on a claimant's credibility, "particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Villarreal*

---

[9] Those factors include: the claimant's daily activities; the location, duration, frequency, and intensity of the pain or symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; any treatment, other than medication, that the claimant receives or has received to relieve pain or symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and other factors concerning the claimant's functional limitations and restrictions because of pain or symptoms.

*v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)).

Substantial evidence, however, must support an ALJ's credibility determination. *Id.* (citing *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978)). Thus, my role is solely to "evaluat[e] whether or not the ALJ's explanations for partially discrediting a claimant are reasonable and supported by substantial evidence in the record." *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 173 (6th Cir. 2016) (internal citation and quotation marks omitted).

I find no merit in plaintiff's argument regarding the ALJ's credibility determination as it relates to his military service. I find no authority, and plaintiff points me to no authority, that requires an ALJ to afford greater credibility to the testimony of a military veteran.

What plaintiff seems to argue for is a "presumption of credibility" based on his military service. However, as the Magistrate Judge noted, "[t]he Sixth Circuit has never held that a social security benefits claimant is entitled to a 'presumption of credibility.'" *Barney v. Comm'r of Soc. Sec.*, 2010 WL 1027877, *4 (W.D. Mich.). Rather, the credibility determination is a task for the ALJ to undertake:

> It is the ALJ's function to determine credibility issues, *see Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the claimant's work history is only one of the many factors that the ALJ can consider in making his credibility determination. *See* 20 C.F.R. § 404.1529; *see also White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

*Id.*

While I certainly commend plaintiff for his military service, there is, simply put, no requirement that the ALJ had to attribute greater weight to plaintiff's credibility because of that service. Plaintiff's military service was but one factor for the ALJ to consider in assessing his credibility.

Following my review, which, I reiterate, is limited to evaluating the reasonableness of the ALJ's credibility assessment, *Sorrell*, *supra,* 656 F. App'x at 173 , it is clear the ALJ engaged in a proper assessment of plaintiff's credibility. It is not error for the ALJ to not consider something he simply was not required to consider.

Therefore, I conclude substantial evidence supports the ALJ's conclusion that plaintiff was not wholly credible.

**Conclusion**

For the foregoing reasons, it is hereby,

ORDERED THAT:

1. Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge (Doc. 21) be, and the same hereby are, overruled; and

2. The Magistrate Judge's Report and Recommendation (Doc. 20) be, and the same hereby is, adopted as the Order of this Court.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge